# United States District Court
# Central District of California

| | |
|---|---|
| LISA MISRAJE BENTLEY,<br><br>              Plaintiff,<br><br>    v.<br><br>JAMES RANDALL ARGUE; DAVID BRADSHAW; RALPH LINHARDT; MICHAEL H. RAMSEY; JACK ONG; JOHN DAVID WARE; DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 5:13-cv-00950-ODW(OPx)<br><br>**ORDER TO SHOW CAUSE RE. COPYRIGHT VALIDITY** |

      Plaintiff Lisa Misraje Bentley has moved for default judgment against Defendants James Randall Argue, Ralph Linhardt, and Jack Ong. (ECF Nos. 54, 55, 58.) After reviewing the Complaint and Motions, the Court is unable to ascertain whether Bentley actually produced a motion picture, i.e., whether there is some work "fixed in any tangible medium of expression" sufficient to sustain the validity of the Copyright Registration number PAu 3-628-749. *See* 17 U.S.C. § 102(a). The Court therefore **ORDERS** Bentley to **SHOW CAUSE** why the Court should not invalidate her copyright in the motion picture for want of a tangible medium of expression.

/ / /

In her Complaint and Motions, Bentley alleges that she has two United States copyright registrations. On March 2, 2007, Bentley registered a copyright in the book she wrote titled "Saving Levi." (Compl. ¶ 15, Ex. 1.) On October 25, 2011, Bentley obtained another copyright registration for "motion picture," "words and music," and "drama" for "SAVING LEVI – SHORT FILM" "SAVING LEVI MOVIE." (*Id.* ¶ 16, Ex. 2.) The Certificate of Registration further states that Bentley created "SCREEN PLAY, SHORT FILM, WORDS" and that the work was completed in 2009. (*Id.* Ex. 2.)

Copyright protection only subsists in "original works of authorship fixed in any tangible medium of expression," such as literary works or motion pictures. 17 U.S.C. §§ 101, 102(a). While a copyright carries with it the right to produce derivative works, *id.* § 106(2), the holder may not register the derivative work unless it is actually fixed in a tangible medium of expression. *See id.* §§ 101, 102(a).

Here, it not clear whether Bentley ever produced a "motion picture," "words and music," or "drama" called "SAVING LEVI – SHORT FILM" or "SAVING LEVI MOVIE." The allegations in the Complaint seem to indicate that Bentley only produced a book called "Saving Levi"—but nothing more.

The Court therefore **ORDERS** Bentley to **SHOW CAUSE** in writing by **Monday, March 3, 2014**, why the Court should not invalidate Copyright Registration number PAu 3-628-749 for want of a fixed medium of expression. If Bentley has produced a motion picture, she shall lodge a copy with the Court by that date.

**IT IS SO ORDERED.**

February 20, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**